HUNTER v. BAKER MOTOR VEHICLE CO. et al.

(District Court, N. D. New York. August 25, 1915.)

1. CORPORATIONS ⊙⇒542—CORPORATE PROPERTY—TRUST FUND.
    Assets of the corporation belong to it, and are held in trust for the carrying on of its business and the payment of its just debts and obligations the balance, if any, belonging to the stockholders; and such assets may be followed into the possession of any one who has obtained them through fraud or without consideration.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. ⊙⇒542.]

2. WORDS AND PHRASES—"WAIVER."
    The doctrine of "waiver" implies knowledge, and is not applicable to one who has acted without full knowledge of all the facts.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

3. CORPORATIONS ⊙⇒542—DISSOLUTION—RIGHTS OF CREDITORS.
    A creditor held a valid claim against a corporation which was dominated and controlled by another corporation. Subsequently the debtor corporation became insolvent, and all the creditors, except plaintiff, agreed that an extension of time for the payment of its debts might be granted. The receiver in bankruptcy was subsequently appointed, who applied for permission to sell the property of the corporation in bulk. In this agreement plaintiff was induced to join, in consideration of the execution of a contract and bond whereby his claim was to be paid in full out of the proceeds of the sale; the agreement being to pay him "such sum or sums as he may be entitled to in law out of the amount received by the receiver herein for distribution to creditors." Held, that the contract contemplated the payment of plaintiff's claim in full, and not a percentage pro rata with other creditors.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. ⊙⇒542.]

4. CORPORATIONS ⊙⇒1—CORPORATE EXISTENCE—LEGAL ENTITY.
    The fiction of corporate entity may be disregarded, where the corporation is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality or adjunct of another corporation.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1, 3–6; Dec. Dig. ⊙⇒1.]

At Law. Action by Louis R. Hunter against the Baker Motor Vehicle Company and another to recover upon a bond. Judgment for plaintiff.

See, also, 190 Fed. 665.

This action was brought to recover upon a bond given by the defendants to the plaintiff, the amount of recovery to be determined by facts entirely outside anything stated in such bond as to amount, except as certain language of such bond confines the liability to a certain matter. The amount claimed is $8,329.75 and interest from January 4, 1908. It was tried before the court, a jury trial having been duly waived.

Elisha B. Powell, of Oswego, N. Y., for plaintiff.
Willard P. Jessup, of New York City (Warnick Kernan, of Utica, N. Y., of counsel), for defendants.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RAY, District Judge. The defendants concede that the plaintiff is entitled to recover the sum of $1,167.31, without interest, less the costs and disbursements of the defendants in this action, which they claim they are entitled to recover, on account of an offer of judgment made and served but rejected. The plaintiff claims that he is entitled to recover the sum of $8,329.75, with interest from January 4, 1908.

## The Facts.

The defendant the Baker Motor Vehicle Company at all the times mentioned was, and now is, a corporation organized and existing under the laws of the state of Ohio. The defendant American Bonding Company was and is a corporation of the state of Maryland. The plaintiff was and is a citizen and resident of the state of New York. The C. B. Rice Company was a corporation organized and existing under the laws of the state of New York, and its certificate of incorporation was duly filed January 2, 1907, with the secretary of state and in New York county, N. Y., January 23, 1907. On the 16th day of August, 1907, the Baker Motor Vehicle Company of New York was duly organized and incorporated, and thereafter existed and still exists, under the laws of the state of New York, with its offices and principal place of business in the city of New York.

At that time the plaintiff, Louis R. Hunter, had a valid claim against said C. B. Rice Company, amounting to $9,204.85, subsequently, and January 4, 1908, adjudicated in an action in the Supreme Court of the state of New York then pending at $8,329.75, including costs. Just prior to the organization and incorporation of the said the Baker Motor Vehicle Company, of New York, the creditors of said C. B. Rice Company, except this plaintiff, who refused to sign and did not assent thereto, signed the following:

"Whereas, the C. B. Rice Company is insolvent, and it appears to the creditors for their best interest that the business should not be wound up, but should be continued, in order that as large a sum as possible may be received from the assets, and they are willing to grant an extension of time for that purpose; and

"Whereas, it is proposed to organize a new corporation, which will take over all the assets of the C. B. Rice Company, subject to its liabilities, and subject to a further provision that, in the event of liquidation, all debts contracted after August 1, 1907, by the C. B. Rice Company, or the new company to be organized, with creditors assenting to such extension, shall have preference over the debts existing at that time:

"Therefore, in consideration that a new corporation is organized to succeed to the business of the C. B. Rice Company and assume its obligations by a contract providing that, in the event of the liquidation and dissolution of the said new corporation, all debts contracted on or after August 1, 1907, with creditors assenting to such extension, shall have preference over debts existing at that date, the undersigned hereby agree that it will accept in payment, of its claim against the C. B. Rice Company the note of the new corporation, payable one year after date, with interest at the rate of 6 per cent. per annum. for the amount of said claim, and in the event that the new corporation is managed without a loss for the said period of one year that it will extend the time of payment of said note for the further period of one year, the said notes to be subject to a provision that in the event of liquidation they will be subsequent in payment to all claims arising against the C. B. Rice Company or the new company after August 1, 1907, in favor of creditors assenting to such extension."

Thereupon the Baker Motor Vehicle Company of New York was organized and incorporated; its certificate being dated and acknowledged August 9, 1907. The defendant the Baker Motor Vehicle Company, the Ohio corporation, was a creditor of said C. B. Rice Company, and its claim was $58,313.08 out of a total indebtedness of $79,-831.98, excluding this plaintiff, or of $89,036.83, including this plaintiff.

The actual assets of the C. B. Rice Company were then valued at $116.657.07, and in point of fact at a fair valuation were worth more than enough to pay all the just debts and obligations of the C. B. Rice Company. The assets of the C. B. Rice Company were actually entered on the minute book of the New York Baker Motor Vehicle Company at the value or worth of $116,657.07, and upon the same book were entered the liabilities as $79,831.98. Thereupon, without the consent of this plaintiff, the C. B. Rice Company, by bill of sale, etc., transferred all of its assets to this new corporation, the Baker Motor Vehicle Company of New York. This transfer was without consideration, other than that the Baker Motor Vehicle Company of New York assumed or agreed to assume and pay all the *liabilities* of the C. B. Rice Company, in the following language, viz.:

"The Baker Motor Vehicle Company of New York shall and by its acceptance hereof does assume and agree to pay off the liabilities of the C. B. Rice Company as the same appear upon the books (error and omissions excepted) on the 31st day of July, 1907."

"Error and omissions excepted" clearly refer to the words "as the same appear upon the books." This claim of this plaintiff was then being disputed and contested by the C. B. Rice Company.

The evidence establishes that this C. B. Rice Company was in fact organized and controlled by the Baker Motor Vehicle Company of Ohio, this defendant, and used by it as an instrumentality or agency for carrying on its own business under that name and selling its goods in the state of New York. The Rice Company was dominated by this defendant the Baker Motor Vehicle Company of Ohio, and really controlled by it.

The organization and incorporation of this new (or New York) Baker Motor Vehicle Company was brought about and caused intentionally by the Baker Motor Vehicle Company, the Ohio corporation, and those representing and acting for it by general authority, for the express purpose of taking over the assets of the C. B. Rice Company, and well knew what was done. The authorized capital stock of this New York Baker Motor Vehicle Company was $10,000, with only $500 paid in, and with this sum of $500 it commenced business, took over the assets of the C. B. Rice Company, and paid off all the creditors of that company except this plaintiff, and also a few who received money by its notes in the following form, viz.:

"New York, Aug. 16, '07.

$..........

"Aug. 1, 1908, the Baker Motor Vehicle Company of New York promises to pay .......... dollars with interest at the rate of six per cent. per annum, payable annually, to the order of .........., who by acceptance hereof agrees that, if the business of the Baker Motor Vehicle Company of New York is conducted without loss until August 1, 1908, the time of payment hereof will

be extended to August 1, 1909, and agrees further that the payment will be subsequent and deferred to all claims against either the C. B. Rice Company or the Baker Motor Vehicle Company of New York arising on or after August 1, 1907.                    Baker Motor Vehicle Company of New York,
                              "By ............ President."

These notes of the New York Baker Motor Vehicle Company were accepted by such creditors, except plaintiff, and except a few who received cash, in payment *of their claims* respectively. This transaction left the C. B. Rice Company without any property or assets of any kind or description, and without any business, and also left this plaintiff without any security, or any one to look to for the payment of his claim, except as he could sue, recover judgment, and pursue the assets of the C. B. Rice Company in the hands of this new corporation, the Baker Motor Vehicle Company of New York, or sue that corporation on its assumption of and agreement to assume and pay all the liabilities of the C. B. Rice Company, which he might do if such assumption and agreement included the claim of the plaintiff.

It is not necessary to go through this evidence in detail, it would take too long, but it appears that the Baker Motor Vehicle Company, the Ohio corporation, this defendant, had an agency in New York City for the sale of its products, automobiles and their parts, and having some trouble sent C. B. Rice, who had been in its employ for some time as salesman, to correct matters, which he successfully did. It then continued the business with Rice as manager, but he carried on the business in his own name. It was defendant's business in fact, and Rice had a salary and a percentage of the profits. This was continued up to the fall of 1906, when the New York office or business was found to be indebted to the home office or business in the sum of about $80,000 or $85,000. In December, 1906, the Rice Company was incorporated. Defendant company took all the stock issued, $65,000, in payment of the $65,000 due it from the business conducted by Rice, after a credit of $20,000 for goods returned had been given. This new company was organized with its general manager, Mr. White, its treasurer, Mr. Norton, and its secretary, Mr. Goss, on the board of directors, and these men, constituting a majority of such board, owned all of the stock. Thus controlling the board of directors, the business was run until January 23, 1907, when an agreement was made to sell Rice $15,000 of the stock for cash and $50,000 for his notes, but *retaining* the power to vote the stock. Thereupon two of the Ohio directors resigned, and Rice put in his wife and brother-in-law in their places; but as a condition defendant Baker Motor Vehicle Company took back the resignations of these two new directors. The defendant also gave Rice an agency contract, with the condition that, if the management was not satisfactory to them, they could cancel it at any time. It is seen that the control was really in the hands of the defendant company. Later a supplementary agreement was exacted by which the defendant company kept control until all the stock should be paid for. The Rice Company did business seven or eight months, when the defendant Baker Motor Vehicle Company asserted that the situation was not satisfactory, and thereupon canceled the agency contract, and thereby destroyed the business of the Rice Company, and

then declared it insolvent, etc. Then it was that the new (or New York) Baker Motor Vehicle Company was formed and the transfer made. Then the Rice Company voted to transfer all its property to the new company; Rice voting the 94 shares of stock, which the defendant company alone had the right to vote. The board of directors of this new company included the attorney for the defendant company, its general manager, and a Mr. Platt, a person absolutely in defendant company's interest and controlled by it. Mr. Platt had been made president of the Rice Company for about one week only, the last week of its existence, and he was made president of this new company. He was given this New York agency, which the defendant had asserted was worth and had valued at $10,000, without his giving or agreeing to give anything for it.

Then follows what has already been described. In October, 1908, bankruptcy proceedings were instituted against this new corporation. The suit of Mr. Hunter, this plaintiff, was on the day calendar for trial when that bankruptcy proceeding was commenced. An injunction order was obtained against Hunter. It was stated by Mr. Kelly, attorney for the defendant company, the Baker Motor Vehicle Company, that the transactions were such that this new or New York Company, the alleged bankrupt, "is or may be ultimately liable in case a judgment (by Hunter) is obtained against said C. B. Rice Company in said suit," referring to the suit of Mr. Hunter against that company. Mr. Kelly, the attorney for the defendant company, was active and in control in all these proceedings, and, having had a receiver appointed in the bankruptcy proceedings, applied for an order authorizing this receiver to sell all the assets of the alleged bankrupt company in bulk. This receiver had no title to the property. He could not sell without the consent of each and every creditor of the alleged bankrupt, including Hunter. The property was not perishable. Mr. Hunter opposed the proposed sale, and the matter ought to have ended then, so far as a sale was concerned, and would have ended then, but for the fact that Mr. Hunter was induced to consent to a sale in bulk on condition he received a bond for the payment of the amount of his claim. The following is the agreement made, viz.:

"It is hereby stipulated and agreed by and between the Baker Motor Vehicle Company (of Ohio) and Louis R. Hunter, who claims to be a creditor herein, that the order may be granted herein as prayed for by the Baker Motor Vehicle Company (of Ohio) upon the condition that said order provides that a bond in the sum of fifteen thousand ($15,000) dollars, with an approved surety company as surety, be given by the Baker Motor Vehicle Company (of Ohio) to Louis R. Hunter, which said bond shall be conditioned that the Baker Motor Vehicle Company (of Ohio) will pay to the said Louis R. Hunter such sum or sums as he may be entitled to in law out of the amount received by the receiver herein for distribution to creditors on said Louis R. Hunter's claim as set up in a certain suit pending in the Supreme Court of New York, County of Oswego, wherein Louis R. Hunter is plaintiff and Clarence B. Rice and the C. B. Rice Company are defendants.

"Dated New York, November 16, 1908.
                                    "The Baker Motor Vehicle Company,
                                        "By George H. Kelly, Its Attorney,
                                "Louis R. Hunter,
                                        "By William D. Reed, His Attorney."

The bond given does not follow the terms of or recite the agreement, but its meaning is plain enough when read in connection with and in view of all the facts. So far as material here it reads as follows:

"The condition of this bond is that:

"Whereas, Louis R. Hunter claims to be a creditor of the Baker Motor Vehicle Company of New York, in the sum of seventy-five hundred ($7,500) dollars, interest and costs; and

"Whereas, the Baker Motor Vehicle Company of New York is in bankruptcy in the District Court of the United States for the Southern District of New York:

"Now, therefore, witnesseth that, if the Baker Motor Vehicle Company (of Ohio) shall pay, or cause to be paid, to the said Louis R. Hunter such sum or sums as he, the said Louis R. Hunter, may be entitled in law to receive, out of the amount received by James N. Rosenberg, receiver in bankruptcy of the Baker Motor Vehicle Company of New York, for distribution to creditors of said Baker Motor Vehicle Company of New York, upon the said Louis R. Hunter's claim as it is set up in a certain suit now pending in the Supreme Court of the State of New York, County of Oswego, wherein the said Louis R. Hunter is plaintiff and Clarence B. Rice and the C. B. Rice Company are defendants, then this obligation to be null and void; otherwise, to remain in full force and effect.

"The Baker Motor Vehicle Company,
"[Seal.]                    By Fred R. White, V. Pres.
"R. C. Norton, Secy. and Treas.
"American Bonding Company of Baltimore,
"By Jas. L. D. Kearney, Res. Vice President."

The defendant Baker Motor Vehicle Company, the Ohio corporation, took the entire property in bulk on this receiver's sale for far less than its value, a sum sufficient to pay a small percentage only of the debts, not including the plaintiff, who, as a condition of assenting to such sale, exacted the said agreement to pay him—

"such sum or sums as he may be entitled to *in law* (not bankruptcy proceedings) out of the amount received by the receiver herein (the bankruptcy proceedings) for distribution to creditors on said Louis R. Hunter's claim as set up in a certain suit pending in the Supreme Court of New York, County of Oswego, wherein Louis R. Hunter is plaintiff and Clarence B. Rice and the C. B. Rice Company are defendants."

"[Signed]                    The Baker Motor Vehicle Company,
"By George H. Kelly, Its Attorney.
"Louis R. Hunter,
"By William D. Reed, His Attorney."

The bankruptcy proceedings have not been heard of since, and it is conceded that no adjudication was made or further proceedings taken, unless to confirm such sale. The actual value of the property that went to such receiver was at least $40,000, but it was sold to the defendant company for $18,000. If it was the understanding and intention of the parties to such agreement, or contemplated by them in making and signing the agreement, that Hunter, when his claim was established—that is, liquidated in the suit in the Supreme Court—and presented and proved in the bankruptcy proceedings, was to have his percentage of what the property sold for only, there was no necessity for the agreement. That was assured in any event. The bankruptcy proceedings were pending; the receiver had been appointed by the court, and he and hence the court itself had the property. It was in

custodia legis, and nothing could deprive Mr. Hunter, the plaintiff, of his percentage, if he had a claim against the Baker Motor Vehicle Company of New York, and which fact had been conceded. The receiver was under bonds, and the trustee, when appointed, would be under bonds, to safely keep, etc., this property, so it might be distributed in due course to creditors. It is self-evident that the purpose and intent was to eliminate Mr. Hunter from the proceedings, allow the property to be purchased by this defendant, the Baker Motor Vehicle Company, taken by it at less than its value on its agreeing to pay and giving bond to pay in full the claim of Mr. Hunter when established in the Supreme Court. Otherwise the giving of the agreement and bond was an idle ceremony, and Mr. Hunter was no better off than he would have been without such bond and agreement, unless it be that as the claim was originally against the Rice Company, and it was out of business and without assets, which had been transferred to the alleged bankrupt, Baker Motor Vehicle Company of New York, it was the purpose to make it *sure* that the claim would be recognized as a valid and legal claim against that corporation when presented as such, if so presented, or, if not, that then the Baker Motor Vehicle Company of Ohio, this defendant, would pay Hunter a sum equal to what such dividend would amount to.

The property of the Rice Company, Mr. Hunter's debtor, had gone into the possession of the Baker Motor Vehicle Company of New York under the circumstances stated, and without any consideration whatever, except the agreement to assume and pay the debts of said Rice Company as hereinbefore set forth. In truth this was but a transfer to the real owner of the assets. Such bankruptcy proceedings having been commenced, these assets and others, or their proceeds, were to be transferred to the Baker Motor Vehicle Company, the defendant corporation, by the receiver, which in fact was but a return to it of its own property; and the question is what sum, if anything, the plaintiff, Louis R. Hunter, was entitled to receive or collect, not from such property or assets, his claim against the Rice Company then in litigation having been thereafter duly and judicially established by a judgment, but what sum was and is he entitled to recover from these defendants? Do the words "in law" and "out of the amount received by the receiver herein," etc., cut off and exclude any equitable remedy Hunter had, and limit him to what he could have recovered in an action at law against the Baker Motor Vehicle Company of New York and the assets held in the name of that corporation? Is that the meaning and effect? Or do those words mean what Hunter was legally entitled to recover in any form of action from such corporation, the defendant, on account of its having received, and being the owner under the circumstances stated of, the entire assets of the Rice Company? And the words "amount received," do they mean the amount of *money* actually received by such receiver, or the value of the property that came into the receiver's hands?

[1] Reading the agreement and bond, in writing, and considering them in connection with all the facts and circumstances then existing and those which had existed prior to their execution, and also considering what was proposed to be done and the court was asked to do, we

are to arrive at our conclusion. The agreement was signed by an attorney acting for the plaintiff here, the objector in the bankruptcy court, and his authority has not been questioned or disproved. This action does not seek to set aside, cancel, or annul that agreement. In fact, the action is based on the agreement and bond. The assets of a corporation belong to it, and are held in trust for the carrying on of its business, and the payment of its just debts and obligations; the balance, if any, for its stockholders. Such assets in equity constitute a trust fund for such purposes. They may be followed into the hands and possession of any one who has them, and who obtained them through fraud or without consideration. Here the defendant the Baker Motor Vehicle Company of Ohio does not occupy the position of a purchaser in good faith and for value, and the Baker Motor Vehicle Company of New York occupied no such position. This entire business from start to finish was that of the Baker Motor Vehicle Company, and its doing the business in the names of others, corporations or individuals, either for convenience or safety, did not and does not change this fact. The debt due Hunter was its debt, and the business and property on which Hunter relied, and had the right to rely, was in fact the property and business of that company, defendant here. It is true that this plaintiff did not know that fact, and the truth has developed gradually.

[2] It is not necessary, in view of all the facts, for this plaintiff to rely on any equitable lien on the property of the one corporation transferred to the other without consideration, and then to the real owner, and seek to have that lien declared and impressed on such property or its proceeds in the hands of either corporation. This plaintiff waived nothing, as the doctrine of waiver rests on full knowledge of the facts. 7 Am. & Eng. Encyclopedia of Law, p. 155, citing several cases. It is there said:

"Waiver implies knowledge, and one cannot be held to have forfeited any rights by reason of acts done in ignorance of the extent of those rights. Thus, if workmanship contracted for has been inadequately performed, one who accepts it in ignorance of the deficiency does not waive his right to insist upon the defect. So, too, if he has been put off his guard or misled by the conduct of the other party, a waiver induced by such deception will not be charged against him."

In 40 Cyc. 252, 253, 254, and 256, it is said, citing cases:

"The act of waiving, or not insisting on, some right, claim, or privilege; a foregoing or giving up of some advantage, which, but for such waiver, the party would have enjoyed; an election by one to dispense with something of value, or to forego an advantage he might have taken or insisted upon; the giving up, relinquishing, or surrendering some known right; an intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment or waiver of such right; the intentional abandonment or relinquishment of a known right; the relinquishment or refusal to accept a right; a voluntary relinquishment of some right; the voluntary relinquishment of some existing right; the voluntary relinquishment of a known right; a voluntary relinquishment of the right that one party has in his relations to another; the voluntary abandonment or relinquishment by a party of some right or advantage; a voluntary surrender and relinquishment of a right; the voluntary relinquishment or renunciation of some right; the voluntary and intentional abandonment, renunciation, or relinquishment of a known legal right; the voluntary relinquishment of some known right, benefit, or advan-

tage, and which, except for such waiver, the party otherwise would have enjoyed; the voluntary yielding up by a party of some existing right; a neglect or omission to insist upon a matter of which a party may take advantage at the time when it ought to be done, so that it may operate as a trap to the other party, to insist upon it afterwards; the passing by of a thing, or a refusal to accept it; the renunciation of some rule which invalidates the contract, but which, having been introduced for the benefit of the contracting party, may be dispensed with at his pleasure; an implied consent by a failure to object. * * * Waiver involves both knowledge and intention; an estoppel may arise where there is no intent to mislead. Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do. Waiver involves the acts and conduct of only one of the parties; estoppel involves the conduct of both."

[3] Here plaintiff was ignorant of the facts making the defendant Baker Motor Vehicle Company of Ohio liable for the entire debt. I am of the opinion that the terms of the agreement and bond are sufficiently broad, and the wording of such instruments does not at all limit defendant's actual liability, and that plaintiff may recover the full amount due him. All this property and business came from and started with the Baker Motor Vehicle Company, the Ohio corporation, defendant here, and was placed in the hands of the C. B. Rice Company, a corporation formed to conduct the business of selling such property in New York, and which corporation was dominated, controlled, and really managed by the said defendant corporation for its own benefit. Then, when Mr. Hunter, this plaintiff, was pressing for payment of his claim, then about $7,500, the creditors' agreement was signed by all except this plaintiff, the new corporation, organized with the same name as the Ohio corporation, which was the real owner and manager, and which retained the control and management of this New York corporation, and in fact owned it and all the property, and then, when the claim of Mr. Hunter was about to go to judgment, and when the trial of the case in court could no longer be postponed, and when matters were about to be rounded up, and the claim adjudicated; and proceedings to collect begun, the bankruptcy proceedings were resorted to, and the appointment of a receiver procured, and an injunction against Hunter obtained, and then the transfer, through this receiver, of all the property back to the defendant Baker Motor Vehicle Company of Ohio, was proposed and finally procured, and that corporation took the property for about 50 per cent. of its true value to apply on its alleged claim against the corporation really owned, dominated, and controlled by it. In short, this defendant company or corporation got its property back, but under circumstances which, on the mere face of things, as they appeared from the incorporation papers, would compel Hunter to accept, in payment of a just claim of about $8,000, something like $1,000. It was this that Mr. Hunter was refusing to do and that he refused to do. It was this refusal that led to the making of the agreement and the execution of the bond.

It seems to me clear that, if the parties had had in mind only an agreement to pay Hunter his percentage of his claim as established in the pending suit, treating it as a valid claim against the Baker Motor Vehicle Company of New York, and not anything else, they would have so said in plain and unambiguous terms. That is not what was said in the agreement and bond, although the defendants assert

and claim such is the construction that should be put upon those instruments, and that such only is the legal effect. To this contention this court cannot assent. And I have discovered no equities which at all militate against the construction this court puts upon those instruments, interpreted as they must be in the light of all the surrounding facts and circumstances. The equities all demand that interpretation. The alleged claim of the Baker Motor Vehicle Company of Ohio, the defendant, against this Baker Motor Vehicle Company of New York, its own adjunct, agent, and instrumentality, and in fact part of its own self, was largely in excess of the amount due to this plaintiff, and as against this plaintiff said Baker Motor Vehicle Company of Ohio was not and is not entitled to anything from the property of or in the hands of the Baker Motor Vehicle Company of New York, and which came to the receiver, and even if this case is rested on a percentage of the claims of creditors, excluding the Baker Motor Vehicle Company of Ohio, the plaintiff is entitled to 100 cents on the dollar of its said claim or judgment.

[4] The Ohio company was and is, of course, entitled to all of the property and all of its proceeds after paying all the creditors. The Ohio company was not and is not a creditor entitled to share in that property or its proceeds as against its other creditors. In Re Watertown Paper Company, 169 Fed. 252, 255, 94 C. C. A. 528, 531, 22 Am. Bankr. R. 190, 194, 195, the Circuit Court of Appeals, in this (the Second) circuit, per Noyes, C. J., said:

"Now, it is an elementary and fundamental principle of corporation law that a corporation is an entity separate and distinct from its stockholders and from other corporations with which it may be connected. The fact that the stockholders of two separately chartered corporations are identical, that one owns shares in another, and that they have mutual dealings, will not, as a general rule, merge them into one corporation, or prevent the enforcement against the insolvent estate of the one of an otherwise valid claim of the other. * * * Unless, therefore, it can be shown that some exception to the general rule of separate corporate existence and liability applies in this case, it must follow that the claim of the Pulp Company should have been allowed. The only exceptions to that rule possibly applicable here are: (1) The legal fiction of distinct corporate existence will be disregarded, when necessary to circumvent fraud. (2) It may also be disregarded in a case where a corporation is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality or adjunct of another corporation."

This case is covered by the second exception set forth in the quotation. As between the two corporations the defendant was the owner of all the property. As between the defendant corporation, Baker Motor Vehicle Company, and the said C. B. Rice Company, and then the Baker Motor Vehicle Company of New York, the first-named Baker, etc., Company owned all the assets and property, and was liable for all their debts incurred in the prosecution of the business. As between each of the said companies, Baker Motor Vehicle Company of New York, C. B. Rice Company, and this defendant company, and their creditors, such creditors are entitled to be paid from the assets of such first-named corporation in preference to said defendant Baker Motor Vehicle Company of Ohio. The Baker Company of New York was successor merely of the C. B. Rice Company. The legal fiction of

distinct corporate entity is disregarded, when necessary to do so in order to circumvent fraud, and also when a corporation is so organized and controlled and its affairs are so conducted as merely to make it an instrumentality or adjunct of another corporation. And it matters not how deftly the transaction is concealed by a succession of adjuncts and instrumentalities with corporate names all under one control, nor how many bankruptcies of these adjuncts are put through for the benefit and emolument of the real company or corporation, which in fact owns and controls the business. When, as here, these adjuncts are used as mere agents for all purposes, except the payment of their just debts, the liability of the real managing and controlling corporation is neither released nor shifted, unless by some arrangement or agreement made by the creditor with knowledge of the facts, so as to create either an estoppel or ratification. Any other rule, adopted or sanctioned by the courts, not only defeats justice, but opens the door for the perpetration of the grossest frauds. In Re Rieger, Kapner & Altmark (D. C.) 157 Fed. 609, we have an application of this exception to the general rule of corporate entity. It was there held:

"A partnership engaged in the commission business, and in buying and selling merchandise, acquired for partnership purposes 99 per cent. of the outstanding stock of a manufacturing corporation; the remaining shares being held by relatives of one of the partners. The partners held about equal amounts of the stock, and, as directors and officers, managed the business of the corporation; the partnership taking and selling all of its output. *Held,* that the corporation was merely an agency of the partnership, and its property assets of the bankrupt estate, to which the receivership of such estate would be extended, and the respective rights of partnership and corporate creditors would be determined in the bankruptcy proceedings."

In Gay v. Hudson River Electric Power Company, 187 Fed. 12, 15, 109 C. C. A. 66, the same doctrine was considered, but the order in that case was affirmed on other grounds.

There are other grounds on which, in my opinion, this plaintiff is entitled to recover; but it is not necessary to discuss them. I find and hold that the C. B. Rice Company, a corporation, and the Baker Motor Vehicle Company of New York, a corporation, were in fact mere instrumentalities or adjuncts of the Baker Motor Vehicle Company, the Ohio corporation, this defendant, and organized and managed and controlled by it for the purpose of selling its products and property, and that, in performing these functions and duties for the defendant corporation, the Rice Company incurred this indebtedness and obligation to this plaintiff, and that of the liability the defendant corporation was well aware; that the organization and incorporation of the Baker Motor Vehicle Company of New York was procured by the defendant corporation, and managed and controlled by it, not only to sell its own products, but for the purpose of taking over the assets in the hands of the Rice Company, and to defeat the claim of this plaintiff; that nevertheless the Baker Motor Vehicle Company of New York, having received all the assets and having assumed the indebtedness, including that to the plaintiff, all with the knowledge and at the instigation of defendant, became liable for such indebtedness to the plaintiff, as was the defendant itself, of course; that the defendant corporation took part in the bankruptcy proceedings and obtained

the assets through the form of a sale to it; that as against this plain-tiff the defendant, both at law and, in equity, was not entitled to share in the proceeds of such assets as a creditor; and that, excluding the the defendant Baker Motor Vehicle Company as a creditor in dis-tribution, there was sufficient to pay this plaintiff in full, and that plain-tiff is entitled to recover of the defendant Baker Motor Vehicle Com-pany and its surety, American Bonding Company of Baltimore, the sum of $8,329.75 and interest thereon from February 4, 1908, less amount owing by plaintiff to Baker Motor Vehicle Company of New York, $692.69, with interest thereon from October 14, 1908, or $11,-128.02, and also costs of this action.

There will be a judgment accordingly, with costs.