*351 OPINION.
Van Fossan:
The motion to dismiss the proceeding is denied in accordance with Reliance Mfg. Co. v. Blair, 19 Fed. (2d) 789, and Weaver v. Blair, 19 Fed. (2d) 16.
*352 The petitioner claims that the respondent erroneously included, in the income for 1920 received by the partnership of which the petitioner was a member, commissions charged on the partnership books against the Collins Produce Co., a corporation. The petitioner insists that the corporation was a mere arm of the partnership, owned and controlled by the members of the partnership and operated by them and at their expense solely for partnership purposes. He argues that the facts show that the commissions in question were never earned or paid and that it was never intended by the partners that they should be treated or included as a part of their earnings. He claims that the sole reason these commissions were entered in the partnership books was to furnish a basis for determining the net profit, if any, derived from the sale of the live poultry shipped to the partnership by the corporation so as to calculate the commission of 50 per cent of net profit to be paid to the partnership employees, Begg and Marsh, as agreed between the partnership and those employees.
The petitioner argues that we should disregard the theory of corporate entity and hold that the corporation was in realty a mere branch of the partnership and that the partnership could not charge a commission against itself or collect income from itself. Courts do sometimes look beyond the corporate form and hold that the fiction of corporate entity may be disregarded when the corporation is so organized and controlled as to make it merely an instrumentality or adjunct of another business organization. McGaskill v. United States, 216 U. S. 504; Hunter v. Baker, 225 Fed. 1006, and 238 Fed. 899. However, when courts of equity have invoked this principle they have done so in general, to prevent the use of the corporation by individuals or another corporation or corporations to perpetrate a fraud or to do injustice. There is no question of fraud in the present proceedings and we are of the opinion that the facts would not justify a disregard of the separate corporate entity of the Collins Produce Co.
The operations of the corporation, including its gathering and shipment of live poultry to the partnership, were carried on from 1907. While it is claimed by the petitioner that the corporation’s operations were directed by the members of the partnership, it is to be noted that the two members of the partnership were the officers of the corporation and constituted a majority of its board of directors, of which the third member was an employee of the partnership. The corporation was, therefore, operated by its officers and directors. Its operations were kept distinct from those of the partnership. Its shipments of live poultry to the partnership and the sale thereof by the partnership were handled in the same way and were recorded in the partnership books in the same manner as those of any *353 other concern for which the partnership sold live poultry on commission. Moreover, in its egg and hide transactions, the corporation had sources of revenue other than that derived from the live poultry business or from advances made by the partnership. So far as the evidence shows, the corporation made no accounting to the partnership in respect to the egg and hide transactions and nothing in regard thereto appears on the partnership books.
In our opinion it is not to be concluded that the commissions in question were fictitious or that they were never earned or paid. The facts do not so show. On the contrary, it is inferable that the amount of these commissions was paid, was received by the partnership and was, therefore, earned. From 1907, during the life of the corporation, commissions on sales were charged to the corporation by the partnership in the same manner as they were charged in 1920. The partnership kept an open account with the corporation. This account consisted of debits and credits as set forth in the statement of facts and a balance between these debits and credits was struck at the end of the year. The partnership carried that balance forward as an account receivable from the corporation. This balance, according to the evidence, was made up of overdrafts by the corporation. At the beginning of 1920 the debits balance shown on the partnership books in the corporation’s account was $20,872.47 and at the end of 1920 this balance had been reduced to $14,276.98. While this reduction was taking place and during the year 1920 the live poultry business, amounting to about $230,000, was carried on as set forth in the statement of facts and the commissions based thereon were charged against the corporation. It therefore follows, in our opinion, that at the end of 1920 not only had the commissions charged during the year been paid out of the sales of live poultry or out of other income of the corporation, but the corporation had also reduced the indebtedness to the partnership by more than $6,000.
We are, therefore, of the opinion that the respondent did not err by including the commissions in question in the partnership income for the year 1920.

Decision will be entered for the respondent.