[Civ. No. 5214. First Appellate District, Division One.—June 9, 1927.]

LOST BURROS GOLD MINING COMPANY (a Corporation), Appellant, v. INYO COUNTY BANK (a Corporation), Respondent.

[1] CORPORATIONS — EXECUTIONS — QUIETING TITLE—EVIDENCE—FINDINGS.—In this action by a corporation to quiet title to property taken by defendant bank under attachment and purchased by it on execution under a judgment against another corporation, the evidence was sufficient to support the finding that the other corporation was, in fact, the owner of said property by reason of the sale to it of all the stock and property of plaintiff.

[2] ID.—TRANSFER OF PROPERTY—CONSENT OF STOCKHOLDERS—AGREEMENT TO MAKE SALE.—In such action, the contention of plaintiff that it never legally transferred its property to the other corporation because of its failure to attach to the conveyance a written consent of its stockholders or to hold a stockholders' meeting, under section 361a of the Civil Code, was not available, where it affirmatively appeared that all of its officers and stockholders agreed to the sale and no creditor was involved.

[3] ID.—SALE OF CORPORATE PROPERTY AS A WHOLE—VALIDITY OF—CONSENT OF STOCKHOLDERS—SECTION 361A, CIVIL CODE.—Section 361a of

3. See 7 Cal. Jur. 79, 80.

the Civil Code, providing that no sale, lease, assignment, transfer, or conveyance of the business, franchise, and property, as a whole, of any corporation shall be valid without the consent of the stockholders, to be either expressed in writing or by vote at a stockholders' meeting, was enacted for the benefit of stockholders and creditors of a selling corporation, and they alone have a right to object to the mode of transfer.

[4] Id.—Manner and Mode of Sale—Quieting Title—Executions—Judgments.—A corporation, all of whose property had been sold to another corporation, cannot complain that the manner and mode in which its property was taken did not comply with section 361a of the Civil Code, in an action by it, at the instigation of the transferee corporation, to quiet title to such property as against a purchaser at execution sale under a judgment against the transferee.

(2) 23 C. J., p. 789, n. 99.   (3) 14a C. J., p. 541, n. 87.

APPEAL from a judgment of the Superior Court of Inyo County.   William D. Dehy, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank C. Scherrer and Hugh Henry Brown for Appellant.

Richard S. Miner for Respondent.

TYLER, P. J.—Action to quiet title.   The property involved consists of a group of quartz mining locations in Inyo County, this state, together with a milling and reduction plant situate thereon.   The sole question at issue in the court below was whether the mine and mill were the corporate assets and property of plaintiff Lost Burros Gold Mining Company, or whether the same belonged to the Montana-Tonopah Mines Company, at the time defendant acquired the property under an execution sale.   The trial court found in effect that the property was vested in the Montana Company, and it is here claimed that the findings are not supported by the evidence.

4.   See 6 Cal. Jur. 591.

[1] The record is somewhat voluminous. Briefly summarized, it shows that the Montana Company negotiated with one Frank Campbell of Inyo County for the purchase of an autotruck to be used in handling supplies for the Lost Burros mill at an agreed price. The sale was completed and Campbell drew two bills of exchange on the Montana Company for the purchase price, payable to the Inyo County Bank. On December 30, 1916, the Montana Company indorsed its acceptance on the bills, payable ninety days from date. The Inyo Bank discounted the paper. Subsequently the Montana Company refused to pay. Suit was thereupon brought against it in Inyo County. A writ of attachment was served on the Lost Burros property on the theory that it was owned by the Montana Company. Judgment went in favor of plaintiff Bank. Execution issued and the attached property was sold to the Bank, and a sheriff's deed issued to it. Thereupon Lost Burros Mining Company, claiming to be the sole owner of the property, brought this present action against the Bank to quiet title to the same. The question presented on appeal is whether the findings of the trial court to the effect that the Montana Company was the owner, are supported by the evidence. There is evidence to show that the Lost Burros Gold Mining Company was incorporated by one W. D. Blackmer and others under the laws of the state of California in May, 1914. The amount of its authorized capital stock was $50,000 and the number of shares into which it was divided was $50,000, of the par value of one dollar each. In July, 1916, the outstanding stock of the company consisted of 40,000 shares, which were owned by one Blackmer and others. One Badgett began negotiations with Blackmer and the other stockholders for options to purchase their holdings in the company. The rights acquired by Badgett and his associates were assigned to the Montana-Tonopah Mines Company, it being the intention of the latter company to acquire the property in dispute herein, either through the purchase of stock or by purchase of lands, and it entered into certain contractual relations with both of these ends in view. It succeeded in acquiring all of the stock in the Lost Burros Company, and the company executed a deed conveying its real estate to a Mr. Knox, who was president of the Montana Company, pre-

sumably for the benefit of such company. This deed was never recorded. There was also evidence to show that the Montana Company paid $40,000 in cash for the stock and property thus acquired, and that it took possession of such stock and all of the property of the corporation in the year 1918, and subsequently paid the taxes thereon. At the time of the attachment, the property was in the possession of and was being operated by the Montana Company, which had expended some $103,000 in the development thereof. Other evidence shows that the Lost Burros Company, ever since the acquisition of its property by the Montana Company, was simply an instrumentality, conduit, and adjunct of the latter corporation. We do not consider a further recital of the facts necessary. We have read the record carefully and the evidence upon this subject, together with the reasonable inferences to be drawn therefrom, fully support the findings of the trial court that the property of the Lost Burros Company was, by reason of its sale, completely vested in the Montana Company.

[2] Appellant makes the further contention that even conceding this to be true, the Lost Burros Company never legally transferred its property to the purchasing corporation for the reason that none of the documents purporting to convey the title to the property complied with section 361a of the Civil Code. This legislative restriction provides in substance that no sale, lease, assignment, transfer, or conveyance of the business, franchise, and property, as a whole, of any corporation, shall be valid without the consent of stockholders thereof, holding of record at least two-thirds of the issued capital stock of such corporation; such consent to be either expressed in (1) writing, executed and acknowledged by such stockholders and attached to such sale, lease, assignment, transfer, or conveyance, or (2) by a vote at a stockholders' meeting of such corporation called for that purpose; but with such assent, so expressed, such sale shall be valid. Here there was no consent of any kind attached to the conveyance, the provision being ignored when the sale was made. We are of the opinion that notwithstanding that the parties failed to follow the formal method of alienation directed by the statute that plaintiff is in no position to raise this question. Here it affirmatively appears that all of its officers and stockholders and everyone concerned

in the transfer agreed to the sale and no question of the rights of any creditor is here involved. No one having any connection with the Lost Burros Company at the time of the sale being injuriously affected, an observance of the section in question was not imperative. [3] The legislative restriction in question was enacted for the benefit of stockholders and creditors of a selling corporation, and they alone have a right to object to the mode of transfer. (*South Pasadena* v. *Pasadena Land etc. Co.,* 152 Cal. 579–584 [93 Pac. 490].)

[4] It is clearly apparent from the record that this action was instituted for the benefit of the Montana corporation in an effort by it to repossess itself of property which it owned and which had been sold for the payment of its debt, and to carry out this purpose it was using, as an instrumentality, a practically defunct corporation which it owned and controlled and which it maintained as a separate entity as a mere adjunct or instrumentality for purposes of its own. Under these circumstances the purchased company is a mere empty shell which has no distinct corporate existence in contemplation of law, and it is therefore in no position to complain of the manner and mode it has been stripped of its property. (6 Cal. Jur., p. 591; *Hunter* v. *Baker Motor Vehicle Co.,* 225 Fed. 1015.) We are of the opinion, therefore, that the evidence fully supports the finding of the trial court that the Montana Company was the owner of the land in question at the time of the sale and that respondent acquired title thereto under its execution against said company. Any other conclusion would result in the perpetration of a fraud upon defendant.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.