[Civ. No. 16034.   Second Dist., Div. One.   July 9, 1948.]

DOLORES SOLORZA et al., Appellants, v. PARK WATER COMPANY (a Corporation) et al., Respondents.

Manuel Ruiz, Jr., for Appellants.

Paul Overton and Frank T. Cotter for Respondents.

WHITE, J.—This is a representative suit brought by the stockholders on behalf of Mutual Water Company of El Jardin Tract, a corporation, organized for the purpose of securing a supply of water and distributing the same proportionately among its shareholders for use upon lands owned by them within certain defined boundaries. Shares in Mutual Water Company were made appurtenant to the land, one share to each lot in the tract.

The subdivision of the foregoing parcel of land and the setting up of Mutual Water Company occurred about 1923. The mutual company continued to operate until in March, 1945, when defendant Park Water Company, a California public utility corporation, furnishing water service in territory

contiguous with said El Jardin Tract, in a written communication signed by its president, defendant H. H. Wheeler, made an offer to plaintiff Mutual Water Company to purchase all the latter's assets for the sum of $18,800, upon condition that $4,300 thereof be expended by the Mutual Water Company in liquidation of its existent liabilities, and that $14,500 thereof be placed in trust with said defendant H. H. Wheeler to be used only for improvements of said water system. This offer was accepted by the board of directors of the Mutual Water Company by resolution duly adopted at a meeting held on March 19, 1945.

Thereafter, the Mutual Water Company's board of directors sought to obtain the consent of a majority of its shareholders to the sale of the assets of the corporation in accordance with section 343 of the Civil Code (now Corp. Code, § 3901). At a special meeting convened on March 19, 1945, it was found that the attendance of shareholders was insufficient to constitute a quorum, and the meeting was adjourned to March 26, 1945, at which time a purported majority of the shareholders of Mutual Water Company voted in favor of approving the aforesaid resolution adopted by the board of directors to sell the assets of said company.

Thereafter, on March 30, 1945, the de facto president of Mutual Water Company executed a bill of sale of the personal property and a deed to the real property to Park Water Company, to which was attached a certificate of the de facto secretary in accordance with section 343 of the Civil Code (now Corp. Code, § 3901).

There was testimony given by defendant H. H. Wheeler, president of Park Water Company, that the sum of $18,800 was paid by his corporation to Mutual Water Company, of which $4,300 was utilized to liquidate the latter's liabilities, and $14,500 was given to said defendant Wheeler in trust as aforesaid.

Thereafter, defendant Park Water Company entered into possession of the said water system, and, according to testimony offered by defendants, up to the date of the trial $6,763.39 of the aforesaid trust fund had been expended in improvements upon said water system.

On April 23, 1945, plaintiffs served upon Park Water Company a notice to rescind, wherein offer and tender was made by plaintiffs to return to defendants the amount of actual

monies received by Mutual Water Company, in the sum of $4,300.

The cause proceeded to trial before the court without a jury. Findings were made wherein it was found that with reference to the aforesaid meetings of the shareholders of Mutual Water Company in accordance with section 343 of the Civil Code (now Corp. Code, § 3901) due and legal notice was not given to the shareholders of said Mutual Water Company of El Jardin Tract of any of said meetings of such shareholders purportedly held in the month of March, 1945, and a majority of the shareholders of said Mutual Water Company of El Jardin Tract was not present at said purported meetings, or any thereof, and that the transfer and conveyance of the assets and property of said Mutual Water Company of El Jardin Tract to said Park Water Company was without the consent of a majority of the shareholders of said Mutual Water Company. That ''Defendant Park Water Company, since the purported sale has been in possession of and operating the water system of said Mutual Water Company of El Jardin Tract, and ever since has furnished and supplied water to the shareholders of said Mutual Water Company and other consumers and users of water residing in the area served by said water system.''

It was further found that of the $18,800 paid to Mutual Water Company by Park Water Company, $4,300 thereof was used to liquidate existing indebtedness of the former, and that the balance of $14,500 was paid to defendant H. H. Wheeler to be used by Park Water Company for making improvements in and upon said water system. That ''at the time of the trial of this action $6,763.39 of said $14,500.00 had been expended by said Park Water Company for improvements and betterments to said water system.''

The judgment, which was by way of interlocutory decree, was rendered in favor of plaintiffs and provided in part:

''1. That the sale and transfer of the assets and property of Mutual Water Company of El Jardin Tract to Park Water Company be rescinded upon condition that within sixty (60) days from date of entry of this interlocutory judgment the sum of $4,300.00 plus all moneys expended by said Park Water Company for improvements and additions to and upon said properties of said Mutual Water Company of El Jardin Tract be paid to said Park Water Company.

"2. Upon such payment, said Park Water Company shall account to said Mutual Water Company of El Jardin Tract for the profits, if any, made by said Park Water Company during the time said properties have been in its possession and under its operation.

"4. Upon compliance with the conditions hereinabove set out, defendants Park Water Company and H. H. Wheeler shall restore to said Mutual Water Company of El Jardin Tract all property and assets of said Mutual Water Company coming into their, or either of their, possession, together with any additions and improvements thereto acquired or constructed during the time in which said properties were in their, or either of their, possession, control and operation.

"5. Upon compliance with the conditions hereinabove set out, final judgment of rescission shall be entered herein."

Plaintiffs moved for a new trial, which motion came on for hearing on November 27, 1946, at which time the court made an order, the pertinent parts of which were:

". . . said motion is by the Court submitted. Counsel for plaintiff is granted leave, pursuant to Section 662 C.C.P., to present proposed amendments to Findings of Facts and Interlocutory Judgment, and to reopen case for further testimony, and to sumit authority in re attorney fee."

Subsequently, on February 24, 1947, the court, notwithstanding its previous order of November 27, 1946, granting plaintiffs leave "to reopen case for further testimony," made the following order:

"MEMORANDUM OF DECISION

"1. Motion for new trial is denied.

"2. Motion to change or add to the findings and conclusions of law pursuant to section 662 C.C.P. is denied.

"3. Motion to enter final judgment is granted. Counsel for defendants to prepare same."

On March 17, 1947, pursuant to the last-mentioned "Memorandum of Decision," the court signed a final judgment in which it referred to the foregoing interlocutory judgment as having provided that plaintiffs were entitled to a judgment rescinding the sale and transfer of the assets of Mutual Water Company to defendant Park Water Company "upon condition that within 60 days from date of entry of said interlocutory decree restoration be made to said Park Water Company of all moneys paid by it to or for the benefit of said Mutual

Water Company," and "more than 60 days having elapsed since the entry of said interlocutory judgment and said restoration not having been made to said Park Water Company, and motion by plaintiff for new trial and motion to change and/or add to the findings and conclusions of law pursuant to Section 662 of the Code of Civil Procedure having been denied;

"Now, upon motion of defendants Park Water Company and H. H. Wheeler it is adjudged and decreed;

"1. That plaintiff take nothing either individually or on behalf of all or any stockholders of said Mutual Water Company of El Jardin Tracts by his said action against either of said defendants Park Water Company or H. H. Wheeler;

"2. That the purported dissolution of said Mutual Water Company of El Jardin Tracts is null and void; . . ."

From such judgment plaintiffs prosecute this appeal.

As a first ground of appeal, it is urged that the sale in question, having been made in contravention of section 343 of the Civil Code as then in effect, is void. Respondents, on the contrary, assert that sales of corporate assets which fail to comply with the requirements of section 343 of the Civil Code are not illegal or void, but merely ultra vires and voidable only, at the instance of shareholders or creditors who are injured thereby.

■ The statute in question (Civ. Code, § 343, now Corp. Code, § 3901) was enacted for the protection of shareholders and creditors of the corporation, and they alone have the right to object to the transfer of corporate assets in violation of the code section. Such was the holding in *Gunther* v. *Thompson*, 211 Cal. 631, 633 [296 P. 611], and *Lost Burros Gold Min. Co.* v. *Inyo County Bank*, 83 Cal.App. 679, 682, 683 [257 P. 209], wherein the court had under consideration section 361a of the Civil Code (the predecessor statute to § 343).

■ Analyzing the language of the statute in the light of the foregoing decisions, and in an effort to discern therefrom the legislative intent, we are persuaded that the transaction here in question, when challenged by shareholders of the corporation, must, in view of the court's finding that it was in direct violation of the statute, be held void in its entirety, but that until an attack is made upon such a transaction by those entitled so to do, the same must be regarded as voidable. This we say because of the fact that statutes of this kind are not designed for the protection of the public, or for the prevention of acts prejudicial to the public at large, but merely as a protection for stockholders and creditors of the selling corporation

only. That the actions of the board of directors in making a sale in contravention of the provisions of the statute is not to be regarded as illegal and void *ab initio,* but rather as an ultra vires act of the directors, and voidable at the election of stockholders or creditors, seems to us evidenced by the language of the section itself, which provides that approval of the action of the board of directors by a majority of the shareholders "may be given *before or after the adoption of the resolution* of the Board of Directors, and *before or after any such transfer or dispostion*" (emphasis added). In addition to this is the fact that no penalty was provided by the Legislature by way of penal statute or otherwise, for failure to comply with the provisions of said section 343 of the Civil Code. Appellants' contention that section 560 of the Penal Code provides for such a penalty cannot be sustained because the Penal Code section just mentioned makes criminal and unlawful "distribution of assets" with "dishonest or fraudulent purpose." Furthermore, the Legislature in enacting section 343 of the Civil Code made no pronouncement therein as to the validity or effect of the contracts, bargains or sales made in violation of that section, but did provide that the requisite majority of the shareholders could "ratify" sales made in violation of the statute by boards of directors, and that such "consent" of or "ratification" by the shareholders may be given at any time, even after a sale and transfer of assets thereunder had been consummated. It seems only reasonable to assume, in the light of the foregoing, that had the Legislature intended that such transaction should be deemed a nullity, and void *ab initio,* it would have so provided, and had the legislative body so intended, it seems unlikely they would have given to the shareholders authority to "ratify" such a transaction after its consummation.

We therefore hold that while such transactions as the one in the case at bar are violative of the provisions of the statute, they are voidable and may be rescinded and set aside at the election of a shareholder or creditor, for whose benefit alone the statute was enacted.

To hold otherwise would inevitably lead to wrong and injustice. If persons dealing with corporations cannot rely at least prima facie upon deeds, bills of sale and other documents of private corporations apparently regularly executed in the due course of business, pursuant to the powers conferred by their charters, and attested by the signatures of the officers

upon whom control of their corporate affairs is conferred by law, then upon what may they rely? It is through their directors and officers that private corporations deal with the world and manifest their corporate will. The duly executed instruments, attested by the officers of a corporation are the only reliable means one has of ascertaining the circumstances under which the act in question was performed. The books, records and papers of private corporations are not open to public inspection—they are private property. To say that one who honestly deals with a corporation in the purchase of its assets, relies upon the declarations contained in the instruments transferring to him title to such assets, must return the assets to the corporation because the provisions of section 343 of the Civil Code were not complied with, and himself be denied the return of the consideration he gave for such assets, and money he expended for the benefit of the corporation while in control of its assets, would be grossly unjust. Law and good morals should be one and inseparable.

Appellants place great reliance upon the case of *Hansen* v. *California Bank*, 17 Cal.App.2d 80 [61 P.2d 794] and the language therein contained at page 100, but as we read that case it impresses us as holding, as did the court in the instant case, that the transaction being in violation of the statute was void in its entirety. But the case is not analogous to the one now engaging our attention. The gist of the action in the cited case was not based upon the rescission of a contract which was deemed to be merely voidable. It was a suit to recover a trust fund held by defendant bank for the benefit of the creditors of a bankrupt corporation because the bank, through its agent, fraudulently and wrongfully induced the bankrupt corporation by tortious representations to purchase 37 shares of its own stock, owned by the bank, in violation of sections 309 and 354 of the Civil Code as the sections then existed; that the purported sale was therefore, ultra vires and void *ab initio;* that the bank received the benefits of the illegal transaction and retained the same, which it was held, the bank possessed for the creditors of the corporation. The judgment was simply that the plaintiff as trustee for the bankrupt corporation, was entitled to a judgment for the money paid by the corporation to purchase its own stock from the bank, and that the bank was entitled to a return of the 37 shares of stock. We have no such factual situation here, but the interlocutory judgment in the case at bar, as did the judgment in the case relied upon by

appellants, provided "that the purported dissolution of said Mutual Water Company of El Jardin Tract is null and void," and that respondents were entitled to a return of the moneys paid to Mutual Water Company and expended for the benefit of said corporation while respondent was in control of the same.

It is next contended by appellants that respondent Park Water Company having purchased the assets of Mutual Water Company "with knowledge, or under circumstances indicating knowledge, that the required majority of stockholders have not given the consent required by law for a valid transaction, is not entitled to restitution for any benefits officiously conferred by him as a consequence of such purchase, upon the exposure of his illegal acts under such void and illegal contract."

In the case at bar, there is no evidence that respondent Wheeler, president of Park Water Company, saw the "notices" for the meeting, knew of their mode of service or was aware of their legal inadequacy. The record contains no evidence that Mr. Wheeler was aware of the true total of the shareholders entitled to vote, nor the number of votes necessary to constitute a majority, and the court made no finding that respondent Wheeler was aware of these facts. The record does, however, contain some evidence that the directors of Mutual Water Company did represent to respondent Wheeler, as president of Park Water Company, that the total number of shareholders entitled to vote was 249, and that 222 thereof had voted to confirm the sale. The burden rested upon appellants to overthrow the presumption that respondents purchased in good faith, for a valuable consideration, relying upon the presumption arising from the representations made by officers of the appellant corporation and from documents apparently regularly executed under the corporate seal, and by officers upon whom the law confers the corporate powers (*Miner's Ditch Co.* v. *Zellerbach*, 37 Cal. 543, 599 [99 Am.Dec. 300]). The fact that the book containing the description and amount of shares of each shareholder of the Mutual Water Company was delivered to respondent Wheeler upon the culmination of the transaction was not sufficient to establish the absence of good faith at the time the transaction was being negotiated and consummated.

The complaint and amended complaint herein is for rescission, and the interlocutory decree of the trial court was

in favor of appellant Mutual Water Company upon condition it return all benefits received under the sale. In so ruling, the court properly followed the general rule in such cases embodied in section 1691 of the Civil Code. ■ Rescission implies the restoration of the parties to the same situation in which they were when the contract in question was made. Any consideration or advantage secured by either party must be surrendered (*List* v. *Moore,* 20 Cal.App. 616, 620 [129 P. 962]).

■ In view of our holding that the contract and transaction here in question was not illegal and void *ab initio,* but voidable, appellant's contention that the moneys paid by respondent as consideration for the contract and expended for the benefit of appellant Mutual Water Company are not recoverable in this action and must be deemed to have been voluntarily made, must fail.

In the instant case, as heretofore pointed out, the statute which was violated contained no express declaration that transactions violative thereof are unlawful or that no recovery shall be had for anything of value given pursuant to such transaction, and the statute not being designed for the protection of the public, the rule contended for by appellants, that any moneys paid to Mutual Water Company under the transaction must be regarded as having been voluntarily made is not applicable.

In fairness to the trial court, it should be said that both the interlocutory and final judgments herein were rendered upon the theory chosen and advanced by appellants. The complaint herein was framed in an action for rescission. It alleged that appellants were, ready, willing and able to restore all benefits received. The case was tried on the theory that the transaction was merely voidable and not void *ab initio.* The trial court framed its interlocutory and final judgments on the issue and theory tendered by the pleadings and raised by the evidence. ■ Under long recognized and well-established rules of law, a party is precluded from asserting on appeal, claims for relief not asserted or asked for in the court below but, because of the disposition which we feel must be made of this appeal we have given consideration to theories advanced and issues raised for the first time on appeal.

■ Finally, appellants contend that the entry of the final judgment herein was wholly unauthorized and must be set aside. In this claim appellants must be sustained. As heretofore pointed out, following entry of the interlocutory judg-

ment, appellants interposed a motion for a new trial. After argument thereon, the court made an order that the motion be submitted, and further that, "counsel for plaintiffs is granted leave, pursuant to section 662, Code of Civil Procedure, to present proposed amendments to findings of fact and interlocutory judgment, and to reopen case for further testimony, and to submit authority in re attorney fee." Thereafter, the court rendered its "Memorandum of Decision" as aforesaid, denying the motion for a new trial, denying the motion to change or add to findings and conclusions of law pursuant to section 662, Code of Civil Procedure, and granting respondents' motion to enter the final judgment from which this appeal was taken. It is at once apparent that appellants' motion to proceed under section 662 of the Code of Civil Procedure, and "to reopen the case for further testimony" had already been granted when, by its last-mentioned order, the court denied the same.

From the recital contained in the final judgment it is apparent that the court entered the same on the ground of "more than sixty days having elapsed since the entry of said interlocutory judgment and said restoration not having been made to said Park Water Company."

Manifestly, it can not be held that appellants should have made restoration during the time their motion for a new trial, following the entry of the interlocutory judgment, was under submission, and after they had been granted leave, pursuant to section 662 of the Code of Civil Procedure, to present proposed amendments to the findings of fact, interlocutory judgment, and after their motion to reopen the case for further testimony and to submit "authority in re attorney fee" had been granted.

From what we have hereinbefore said, it follows that the interlocutory judgment is supported by the evidence, and that the court was clothed with jurisdiction to enter same.

The very purpose of section 662 of the Code of Civil Procedure is to permit a court to correct its own errors in ruling upon a motion for a new trial, without incurring the delay and expense incident to a new trial or appeal. And from the order of February 24, denying appellants' motion for a new trial, it must be assumed that the trial court had determined that there were no errors to correct, no changes or additions to be made in the findings, no modification to be made in the judgment, and that additional testimony was therefore not required. But, with this concession it is also evident

that the final judgment should not have been entered until 60 days had elapsed from and after the aforesaid order of February 24, 1947, denying the motion for a new trial and setting aside the order made pursuant to section 662 of the Code of Civil Procedure. The final judgment, however, was entered March 17, 1947, less than 30 days after the aforesaid order of February 24, 1947.

For the foregoing reasons, the judgment is reversed and the cause remanded with directions to the court below to afford appellants 60 days from and after the remittitur is lodged therein, within which to comply with the terms of the interlocutory judgment entered herein, and thereafter to enter an appropriate final judgment, based upon appellants making or refusal to make restoration in compliance with the interlocutory judgment. Appellants to recover costs on appeal.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 26, 1948, and appellants' petition for a hearing by the Supreme Court was denied August 26, 1948.