[Civ. No. 6006. Fourth Dist. Apr. 24, 1959.]

WILLIAM C. PITTS, Appellant, v. STUART K. FLETCHER et al., Respondents.

Kenneth M. Smith and Claude L. Welch for Appellant.

S. B. Gill for Respondents.

SHEPARD, J.—This is an action for rescission of a contract of sale, cancellation of a promissory note given for the purchase price, and for damages for breach of contract. From the record before us it appears that the defendants herein, at some time prior to the events which are here the subject of litigation became lessees of the premises on which was established a business known as Fletcher's Frosty Freeze, located in the town of Ridgecrest; that defendants herein, after the establishment of the business, contracted to sell said business to other parties not litigants in this action; that those parties conducted negotiations of sale with plaintiff herein and plaintiff took possession of the premises and business on June 2, 1956, paying the ground rent of $30 a month to the landlord on a lease dated June 11, 1949, which will expire May 31, 1959. Defendants reacquired their original ownership on or about October 8, 1956, and because of plaintiff's serious financial involvement with his predecessors in interest a new contract was negotiated directly between plaintiff and defendants under date of November 30, 1956, and certain written documents were executed evidencing said agreement.

On sufficient evidence the court found that by the sale agreement defendants included tenancy rights under a 15-year ground lease dated in 1952 on said premises where the business is located, the rental thereunder being $30 per month; that said 15-year ground lease was never executed and never came into existence; that the consideration for the sale agreement of November 30, 1956, had therefore failed; and that plaintiff had been in possession of the business under the new agreement of November 30, 1956, from December 3, 1956, to August 15, 1957.

After the trial and submission of the cause, defendants moved for permission to file an amendment to their cross-complaint to conform to proof, in which amendment to the

cross-complaint defendants alleged an indebtedness from plaintiff to defendants for the rental value of $3,000 for the use and occupation of the premises, equipment and fixtures sold under said business; that $906.84 had been paid thereon, leaving a balance unpaid of $2,093.16.

Thereupon the court rendered judgment for rescission of the sale of November 30, 1956, including cancellation of the $12,500 note given by plaintiff to defendants as evidence of the purchase price. The court further found that plaintiff had paid to defendants on the purchase price the sum of $1,406.84; that plaintiff owed to defendants as reasonable rental of the business the sum of $250 per month for eight and a half months (from December 3, 1956, to August 15, 1957), plus $150 paid by defendants for plaintiff on basic ground rental, making a total of $2,275. The court then subtracted the amount owed by defendants to plaintiff and adjudged a net recovery for defendants from plaintiff of the sum of $868.16.

Appellant claims on this appeal that the court committed error in permitting the filing of defendants' "Amended Cross-complaint to Conform to Proof." We think this contention is only partly correct. It is well settled in this state that trial courts have discretionary power to allow amendments to conform to proof. (*Campagna* v. *Market Street Ry. Co.*, 24 Cal.2d 304, 308 [4] [149 P.2d 281]; *Valencia* v. *Shell Oil Co.*, 23 Cal.2d 840, 848 [10] [147 P.2d 558].)

We think there was not any sufficient variance between the original pleadings and the final amendment to conform to proof to have misled the plaintiff. Defendants' statement on pretrial contained a statement that defendants would claim as damages the loss of use of the business. (Code Civ. Proc., §§ 469, 470.) Additionally, it should be noted that the action of rescission contains as one of its necessary elements the restoration of the parties to status quo. (*Bowman* v. *Victor*, 83 Cal.App.2d 693, 699 [3] [189 P.2d 876]; *Joshua Tree T. Co.* v. *Joshua Tree L. Co.*, 100 Cal.App.2d 590, 597 [5] [224 P.2d 85]; *Solorza* v. *Park Water Co.*, 86 Cal.App.2d 653, 662 [5] [195 P.2d 523].) The value of the use and occupancy of the business, fixtures and premises was unquestionably an advantage gained by plaintiff and a damage suffered by defendants, and the reasonable value thereof was a proper subject for the court's consideration. (*Warfield* v. *Richey*, 167 Cal.App.2d 93, 99-100 [9] [334 P.2d 101].) There was evidence of ground rent value of $30 per month. To this extent the order was correct.

■ Plaintiff further complains that the court erred in finding that the reasonable value of the use and occupation of the premises was in the sum of $250 per month. With this we agree. We have examined the entire record carefully and we have been unable to discover any evidence of any kind which would support such a finding. Defendants, confronted with this challenge, refer to the basic ground rental of $30 per month which is, of course, supportive of the court's order to that extent, but to that extent only. They next refer to the payments of the purchase price in the amount of $250 per month, as shown by defendants' Exhibit A and plaintiff's Exhibit 3. These exhibits refer entirely to the sale of the business and in no way mention or suggest a reasonable rental value. They are not in any way supportive of the subject of reasonable rental value. Defendants claim that plaintiff treated his monthly payments to defendants as rental and refer to and point out the testimony of plaintiff wherein plaintiff was being questioned on his payments under the contract of purchase. This testimony reads as follows:

"Q. And how much money did you pay to or for the benefit of the Fletchers? A. What do you mean 'for the benefit'?

"Q. Well, under any kind of deal you had, or would have had, you would have to pay the rent. A. After the proceeds was drawed up and everything, I made a down payment of $500.00 and as of the first of January I was to start the payments of $250.00 per month plus 6% interest on the balance and I was to keep the fire insurance."

It can readily be seen that the word "rent" was an insertion by defense counsel of a subject entirely foreign to the particular inquiry under examination in this series of questions. The plaintiff answered respecting the sale and quite clearly ignored the suggestion inserted by defense counsel. It is not evidence in any way supportive of reasonable rental value.

■ From the foregoing it appears that the court did not have authority to permit an amendment to conform to proof beyond or above the figure contained in evidence already received. The court could have reopened the case, permitted the amendment, and in the proper exercise of its equity jurisdiction settled the whole matter by taking direct evidence on the reasonable rental value of the premises; or the court could have allowed an amendment to conform to proof to the extent that proof existed, which in this instance was $30 per month. Its finding of an offset of $150 total ground rent paid by defendants on behalf of plaintiff is supported by the

evidence, and the order for the amendment to conform to proof is valid to that extent only. Defendants had the opportunity, during the trial, to put in other evidence of reasonable rental value, but failed to do so. Since defendants did not offer any evidence of reasonable rental value, other than the bare proof of the basic ground rental payment, we are unable to point to any error on the part of the court which would warrant a retrial of the cause.

Since the finding of a total reasonable value of the use and occupation of the premises is not supported by the evidence to any extent greater than $150, that amount is the only offset allowable against the order of $1,406.84 to be returned by the defendants to plaintiff. Thus the monetary judgment finally resulting is in favor of plaintiff in the amount of $1,256.84. The judgment is therefore modified to read that plaintiff recover judgment from defendants in the amount of $1,256.84. The judgment for rescission of the agreement of November 30, 1956, and the cancellation of the promissory note dated December 1, 1956, in the amount of $12,500 is affirmed. Each party to pay his own costs on appeal.

Griffin, P. J., and Mussell, J., concurred.